IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS
TOPEKA DIVISION

In re:

Manhattan Hospitality, Inc.

1641 Anderson Avenue
Manhattan, Kansas 66502
Tax ID# 48-1106083

Debtor.

Case No. 20-41003-dls11
Chapter 11

## MOTION TO AUTHORIZE USE OF CASH COLLATERAL IN THE ORDINARY COURSE OF BUSINESS

COMES NOW Debtor Manhattan Hospitality, Inc., by and through its undersigned counsel and for its Motion to Authorize Use of Cash Collateral in the Ordinary Course of Business pursuant to 11 U.S.C. §§363(c) and 364 (the "Motion"), states:

1. On the 17th day of December 2020, (the "**Petition Date**") the Debtor filed a Voluntary Petition under Chapter 11 of Title 11, the United States Bankruptcy Code.

2. Debtor continues to be in possession of its property and operates and manages its business as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. An Official Committee of Unsecured Creditors has not been appointed.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

7. The Debtor is a Kansas For Profit Corporation Delaware Limited Liability Company that was formed in 1991 to own and operate a Holiday Inn hotel located at 1641 Anderson Avenue, Manhattan, Kansas 66502 (the "Property"). Debtor has a secured loan on the Property with Central National Bank (the "Lender"). The Lender is further secured in all of Debtor's assets

including cash, inventory and accounts receivable. The Holiday Inn has historically been a profitable hotel, but its financial situation dramatically changed with the onset of the COVID-19 Pandemic. The vast majority of the hotel's revenues stem from the operations of Kansas State University. The pandemic and the accompanying shutdown of operations at KSU caused a drastic reduction in revenue to the hotel. Debtor has continued to operate during the pandemic and negotiate with Lender to create a workable financial plan. These negotiations ultimately proved unsuccessful and Debtor was left with no alternative but to seek protection under Chapter 11 of the Bankruptcy Code.

## CENTRAL NATIONAL BANK SECURED DEBT

8. As stated above, Debtor has two Promissory Notes with Lender (collectively "Notes"). The First Note is numbered 14017111 and has an origination date of December 1, 2014. The original balance of the Note was $8,600,000.00 and it has a maturity date of December 3, 2034. The Second Note is numbered 18008382 and has an origination date of June 20, 2018. The original balance of the Second Note was $450,000.00 and it has a maturity date of June 20, 2028.

9. The Notes are secured by a Leasehold Mortgage on the Hotel. The Notes are further secured by a Security Agreement executed by the parties which secures the Notes in various assets of the Debtor including cash, deposit accounts and accounts receivables. The Notes are additionally secured by a Collateral Assignment of Lease.

10. Upon information and belief, Lender has perfected the Notes by filing its security documents with the Kansas Secretary of State's Office and Johnson County, Kansas Recorder of Deeds.

11. The current principal balance of the First Note is believed to be $7,092.711.00. The current principal balance of the Second Note is believed to be $396,344.00.

12. Upon information and belief, the Lender is undersecured on the Notes. The total assets pledged to Lender have a total value of approximately $3,121,628.00.

13. Debtor believes on a going forward basis, before servicing the monthly secured debt, that its business operations are cash-flow positive.

14. Debtor is proposing to make a monthly adequate assurance payment to Lender for the period of time from filing up to confirmation of the Plan. Debtor is proposing a payment of $12,000.00 per month to Lender. For the half month of December 2020, Debtor is proposing a $6,000.00 payment to Lender to be made no later than December 31, 2020.

## RELIEF REQUESTED

15. By this Motion, Debtor seeks use of cash collateral to fund its business operations pursuant to 11 U.S.C. §363(c)(2)(B) and 11 U.S.C. §363(c)(1), which provides that a debtor operating pursuant to 11 U.S.C. §1108 "may enter into transactions. . . in the ordinary course of business, without notice and a hearing, and may use property of the estate in the ordinary course of business without notice and a hearing."

16. Pursuant to 11 U.S.C. §552(b)(2), Lender maintains a security interest in the post-petition income of the Debtor.

17. To adequately protect the value of Lender's security interest in Debtor's assets and their collateral, the Debtor must be allowed to operate and continue its business throughout the pendency of this Chapter 11 case.

18. Debtor respectfully requests that the Court authorize the use of cash collateral in the ordinary course of business as outlined in the attached Exhibit "A." Debtor anticipates that its expenses will not vary more than ten percent (10%) from the figures provided for the December-

January budget as attached.  Debtor requests the use of cash collateral for no purpose at this time other than to preserve the value of the collateral through continued operations.

19. In exchange for the use of cash collateral in the ordinary course of business, Debtor proposes that Lender be allowed replacement liens on all of Debtor's right, title and interest in, to and under the collateral, notwithstanding the limits on pre-petition liens provided under 11 U.S.C. §552(a).

20. In accordance with U.S.C. §363(c)(3), Debtor request that Court schedule a hearing on the use of cash collateral and such request will be included in Debtor's Motion to Expedite this Motion.

WHEREFORE, based upon the foregoing, Debtor respectfully requests that the Court authorize use of cash collateral in the ordinary course of business and on the terms stated herein, allow Central National Bank replacement liens on the collateral to the extent there are obligations remaining, and for such other and further relief as the Court deems just and proper.

Dated: December 17, 2020

THE SADER LAW FIRM

By: /s/ *Bradley D. McCormack*
Bradley D. McCormack, KS 21527
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108-2663
816-561-1818
Fax: 816-561-0818
Direct Dial: 816-595-1802
bmccormack@saderlawfirm.com

COUNSEL FOR DEBTOR

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served, in addition to the parties notified by the U.S. Bankruptcy Court's ECF System, upon the Debtor and parties listed on the attached Creditor Matrix and on the parties requesting notice listed below via First Class U.S. Mail, postage prepaid, on December 17, 2020.

                                                */s/ Bradley D. McCormack*
                                                Bradley D. McCormack, Attorney

s:\manhattan hospitality, inc\cash collateral pleadings\2020.12.08 motion to authorize use of cash collateral.docx