IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
TOPEKA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MANHATTAN HOSPITALITY, INC. | ) | Case No. 20-41003 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**MOTION TO QUASH**
**SUBPOENA OR CONTINUE PRODUCTION DATE**

COMES NOW Colin Noble ("Movant") by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., and moves this Court to quash or continue the Subpoena to Produce Documents currently scheduled for April 9, 2020 at 5:00 p.m. In support of this Motion, Movant states as follows:

1. On March 25, 2021, Central National Bank filed its Notice of Intent to Serve Subpoena on Colin Noble (Doc. 94). The notice indicated that the Central National Bank intended to serve the attached subpoena on March 30, 2021 with an answer date ten days later on April 9, 2021.

2. No return of service has been filed.

3. Movant needs additional time to answer the subpoena.

4. The subpoena appears to request all emails from December 1, 2018 to the present to and from Colin Noble and the Debtor from December 1, 2018 to the present. This could be potentially thousands of emails.

5. The subpoena appears to request all bank records and other financial data of Colin Noble and the Debtor from December 17, 2020 to the present. This could be potentially thousands of documents.

6. Movant moves to quash to Subpoena as it requests documents that are not relevant to this bankruptcy. In the alternative, the Movant requests an extension of thirty days to produce the documents.

## AUTHORITY

7. The Federal Rules of Civil Procedure, Rule 45, applies to bankruptcy courts. Fed. R. Bankr. Pro. 9016.

8. Rule 45 requires the issuing court to quash or modify a subpoena that (a) fails to allow a reasonable time to comply, (b) requires disclosure of privileged or other protected information, if no exception or waiver applies, or (c) subjects a person to undue burden. F.R.C.P. 45(c)(A).

9. F.R.C.P. 25(b)(2)(C) requires the Court, upon motion or on its own to limit the frequency or extent of discovery otherwise allowed if it determines that:

   a. The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

   b. The party seeking discovery has had amble opportunity to obtain the information by discovery in the action; or

   c. The burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

10. The Federal Rules of Evidence are applicable to bankruptcy proceedings. Fed. R. Evid. 101.

2

11. F.R.E. 403 provides that relevant evidence may be excluded "by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

## ARGUMENT

12. Movant has not had sufficient time to confer with her attorney and the less than ten days to produce the documents is not reasonable.

13. The Debtor has not filed a plan and it is not known if the plan will even propose to pay anything to Movant.

14. Producing the documents in advance of the filing of the Ch. 11 plan is not necessary or reasonable.

15. The scope of the document production should be limited to just the documents that is evidence of any debt between the Debtor and the Movant.

16. Movant therefore requests that the Court quash the subpoena, or in the alternative, grant an extension of thirty days to produce the requested documents.

WHEREFORE, Movant Colin Noble respectfully request the Court quash the subpoena directed to Colin Noble, or in the alternative, grant an extension of thirty days to produce the requested documents, and grant such other and further relief as the court deems just and proper in the premises.

Respectfully Submitted:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #19538; MO#52343
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for Movant Colin Noble*

3

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing Motion was, on this 8th day of April, 2021, filed and served electronically to all parties receiving electronic notice.

                                        */s/ Colin N. Gotham*
                                        Colin N. Gotham